William D. Hyslop
United States Attorney
Eastern District of Washington
Timothy J. Ohms
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 28, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE ASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:19-CR-00167-WFN |
| v. | Plea Agreement |
| DANIEL JR. NUNEZ (a/k/a "George Santos"), | |
| Defendant. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Timothy J. Ohms, Assistant United States Attorney for the Eastern District of Washington, and Defendant DANIEL JR. NUNEZ (a/k/a "George Santos") and the Defendant's counsel, Molly M. Winston, agree to the following Plea Agreement:

1) <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, DANIEL JR. NUNEZ (a/k/a "George Santos"), agrees to plead guilty to the Information Superseding Indictment filed in this matter, charging the Defendant with Theft of Government Property, in violation of 18 U.S.C. § 641. The Defendant, DANIEL JR. NUNEZ (a/k/a "George Santos"), understands that, as alleged in the Information Superseding Indictment, Theft of Government Property, in violation of 18 U.S.C. § 641, is a Class A misdemeanor.

Plea Agreement - 1

The Defendant, DANIEL JR. NUNEZ (a/k/a "George Santos"), also understands that the maximum statutory penalty for Theft of Government Property, in violation of 18 U.S.C. § 641, is not more than 1 year imprisonment; a fine not to exceed $100,000; a term of supervised release of not more than 1 year; restitution; and a $25 Special Penalty Assessment.

The Defendant, DANIEL JR. NUNEZ (a/k/a "George Santos"), understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2)     <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximum stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances. The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

Plea Agreement - 2

3)   Waiver of Constitutional Rights:

The Defendant, DANIEL JR. NUNEZ (a/k/a "George Santos"), understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a)   The right to a jury trial;

b)   The right to see, hear and question the witnesses;

c)   The right to remain silent at trial;

d)   The right to testify at trial; and

e)   The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4)   Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Theft of Government Property, in violation of 18 U.S.C. § 641, the United States would have to prove beyond a reasonable doubt the following elements:

First, the Defendant knowingly stole, purloined, or converted to his use money, with the intention of depriving the owner of the use or benefit of the money;

Second, the money belonged to the United States.

5)   Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a

Plea Agreement - 3

1  reasonable doubt at trial; and these facts constitute an adequate factual basis for
2  DANIEL JR. NUNEZ's (a/k/a "George Santos") guilty plea. This statement of
3  facts does not preclude either party from presenting and arguing, for sentencing
4  purposes, additional facts which are relevant to the guideline computation or
5  sentencing, unless otherwise prohibited in this agreement.

6      The Defendant, DANIEL JR. NUNEZ (a/k/a "George Santos"), of Quincy,
7  Washington, from approximately 2015 through 2018, maintained two separate
8  identities for the purpose of concealing work activity and income under a false
9  name and Social Security number at various locations in Eastern Washington,
10 while simultaneously collecting Social Security Administration (SSA)
11 Supplemental Security Income (SSI) disability benefits. To support his
12 applications for employment, the Defendant provided a counterfeit United States
13 Permanent Resident card in the name George Santos, a counterfeit Social Security
14 card bearing the false name George Santos, and a stolen Social Security number
15 XXX-XX-2749 in support of employment at Van Well Nursery and Columbia and
16 Okanogan Nursery. The Defendant knew that SSN XXX-XX-2749 was not
17 assigned to him by the Commissioner of the SSA. The Defendant concealed and
18 intentionally did not report his work activity and income to the SSA during benefit
19 reviews, or otherwise as required, as he believed it could affect his eligibility to
20 receive benefits. As a result of the Defendant concealing his work activity and
21 income, the Defendant received approximately $18,331.21 in undue SSA disability
22 benefits.
23 ///
24 ///
25 ///
26 ///
27
28

Plea Agreement - 4

6) <u>The United States Agrees</u>:

(a) <u>Dismissal(s)</u>:

At the time of sentencing, the United States agrees to move to dismiss the Indictment filed on October 17, 2019, which charges the Defendant with Theft of Government Property (more than $1,000), in violation of 18 U.S.C. § 641).

(b) <u>Not to File Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, Information Superseding Indictment, and associated investigation, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

7) <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a) <u>Base Offense Level</u>:

The United States and the Defendant agree that the base offense level for Theft of Government Property is 6. *See* USSG §2B1.1.

b) <u>Specific Offense Characteristics</u>:

The United States and the Defendant agree that the base offense level should be increased by four (4) levels because the amount of the loss was more than $15,000 but less than $40,000. USSG 2B1.1(b)(1)(C). The United States and Defendant agree no other special offense characteristics apply.

Plea Agreement - 5

      c)    <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than May 28, 2020, the United States will move for a two (2) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) if the Court determines that the offense level prior to the application of USSG §3E1.1(a) is less than 16 and a three (3) level downward adjustment pursuant to USSG §3E1.1(a),(b) if the Court determines that the offense level prior to the application USSG §3E1.1(a) is 16 or greater.

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $25 mandatory special penalty assessment, 18 U.S.C. § 3013, to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

      d)    <u>Criminal History</u>:

The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

8) <u>Length of Imprisonment</u>:

The United States agrees to recommend a sentence within the Guideline range as determined by the Court; the Defendant may recommend any sentence.

9) <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

10) <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a 1-year term of supervised release to include the standard conditions of supervised release.

11) <u>Restitution</u>:

The parties agree restitution is required. *See* 18 U.S.C. §§ 3663, 3663A, and 3664. Further, pursuant to 18 U.S.C. § 3663(a)(3), the Defendant voluntarily agrees to pay the agreed upon restitution amount for all losses caused by the Defendant's individual conduct in exchange for the United States not bringing additional potential charges, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the parties agree to the following:

(a) <u>Restitution Amount and Interest</u>

The parties hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution the Court should order total restitution in the amount of $18,331.21 to Social Security Administration at:

> Social Security Administration
> Debt Management Section
> ATTN: Court Refund
> PO Box 2861
> Philadelphia, PA 19122

The interest on this restitution amount should be waived.

    (b)    <u>Payments</u>

The parties agree that the Court should order the Defendant to pay $18,331.21 in total restitution. The parties agree the Court will set a restitution payment schedule based on Defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). That being said, Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

    (c)    <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

Plea Agreement - 8

      (d)    Notifications

The Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

The Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). This obligation ceases when the restitution is paid-in-full.

12)    Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $25 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13)    Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14)    Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15) <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

16) <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

//
//
//
//
//
//
//
//

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____           5/28/20
Timothy J. Ohms                                                      Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____           5-28-20
DANIEL JR. NUNEZ (a/k/a "George Santos")        Date
Defendant

Plea Agreement - 11

1 |       I have read the Plea Agreement and have discussed the contents of the
2 | agreement with my client. The Plea Agreement accurately and completely sets
3 | forth the entirety of the agreement between the parties. I concur in my client's
4 | decision to plead guilty as set forth in the Plea Agreement. There is no legal
5 | reason why the Court should not accept the Defendant's plea of guilty.

_____          _5/28/20_____
Molly M. Winston                                       Date
Attorney for the Defendant